UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRANDEE SINGLETON, individually and on
behalf of all others similarly situated,

       Plaintiff,

vs.                                                 **CLASS ACTION**

GENERAL REVENUE CORPORATION,
an Ohio corporation,

       Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Brandee Singleton, an individual, on behalf of herself and all others similarly situated, sues Defendant, General Revenue Corporation, an Ohio corporation, and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et. seq.*("FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1331.

3. This Court has jurisdiction over the Defendant and venue in this Court is proper as the acts complained of occurred in this state and because the Plaintiff and Class Members are residents of Florida.

### III.  ALLEGATIONS AS TO PARTIES

4. Plaintiff, Brandee Singleton ("Ms. Singleton"), is *sui juris* and a resident of Miami-Dade County, Florida.

5. At all times material hereto, Defendant, General Revenue Corporation ("GRC"), was an Ohio corporation headquartered in Cincinnati, Ohio and is engaged in the collection of consumer debts.  Defendant uses instrumentalities of interstate commerce in the collection of debts.

6. GRC is properly subject to jurisdiction in the State of Florida pursuant to the Florida Long Arm Jurisdiction Statute as a result of the performance of acts causing injury to persons within the State of Florida.

### IV.  FACTUAL ALLEGATIONS

7. Ms. Singleton was a debtor under a federal student loan that was placed into default status.

8. The loans were subsequently assigned to the Defendant.

9. Defendant contacted Ms. Singleton and offered her the opportunity to enter rehabilitation to cure the default status of her federal student loan.

10. Defendant sent letters to Ms. Singleton and the Class Members concerning the loan rehabilitation program that described the terms of the program ("Terms Letter").

11. The Terms Letter stated "Nine (9) consecutive monthly payments . . . must be received timely." It further stated, "According to federal law, a loan may be considered for rehabilitation only after you have made voluntary reasonable and affordable full payments for each of the 9 consecutive months. If a payment is received too late . . . this offer becomes null and void and the series of 9 payments must start over again."

12. Contrary to the statement in the Terms Letter, federal law does not require that nine consecutive payments be made for a loan to be rehabilitated. Specifically, 20 U.S.C. §1078-6 provides that nine payments must be made within ten months. Additionally, only nine payments within ten months must be made under 34 C.F.R. §685.212(f) with respect to William D. Ford Federal Direct Loan Program (direct loans) and 34 C.F.R. §682.405(b)(1)(ii) with respect to Family Federal Education Loan Program (FFELP) loans.

## V. CLASS ALLEGATIONS

13. Ms. Singleton brings this action as a class action.

14. Class A is comprised of individuals in Florida who are similarly situated to the Plaintiff in that, within one year of the commencement of this action, the Defendant sent such individuals a Terms Letter as described in paragraph 10. Brandee Singleton seeks to be the representative for Class A.

15. Class B is comprised of individuals in Florida who are similarly situated to the Plaintiff in that, within two years of the commencement of this action, the Defendant sent them a Terms Letter as described in paragraph 10. Brandee Singleton seeks to be the representative for Class B.

16. The proposed Classes are so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the classes, although this information is known by the Defendant and is readily ascertainable in discovery. Based upon information readily available concerning the Defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there hundreds and, in all probability, thousands of individuals in the classes.

17. There is a community of interest among the members of the proposed Classes in

that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members.

18. Plaintiff's claims are typical of those of the Classes she seeks to represent.

19. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

20. The common questions of law and fact predominate over any individual questions, in that the Terms Letter is a form letter, and any individual questions are subordinate to the common questions of whether the Defendant violated the FDCPA or FCCPA by misrepresenting the Class Members' rehabilitation rights.

21. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the Defendant. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION - CLASS A CLAIMS
(Violation of 15 U.S.C. §1692 *et. seq.*)

22. Ms. Singleton realleges and reaffirms the allegations contained in Paragraphs 1

through 21 above as if set forth hereat in full.

23. At all times material hereto, Ms. Singleton was a "consumer" as said term is defined 15 U.S.C. §1692a(3).

24. At all times material hereto, any monies purportedly owed under the federal student loan constituted a "debt" as said term is defined 15 U.S.C. §1692a(5).

25. At all times material hereto, GRC was a "debt collector" as said term is defined 15 U.S.C. §1692a(6).

26. Pursuant to 20 U.S.C. §1078-6(a)(1) and 34 C.F.R. §682.405(b)(1)(ii), the terms of a loan rehabilitation agreement must allow for the required nine payments to be made within a ten month period.

27. GRC violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments were to be made. GRC's violations include but are not limited to the following:

    a. It falsely represented the time in which payment could be received to quantify for rehabilitation, in violation of 15 U.S.C.§1692e(10);

    b. If falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. §1692e(2)(a); and

    c. It collected amounts that were not permitted by law in violation of 15 U.S.C. §1692f(1).

28. Pursuant to 15 U.S.C. §1692k, GRC is liable to Plaintiff and the Class A Members to whom it sent the Terms Letter.

29. As a result of Defendant's conduct, Ms. Singleton and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

30. Ms. Singleton and the class are entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. §1692k.

### SECOND CAUSE OF ACTION - CLASS B CLAIMS
(Violation of Florida Statutes §§ 559.55 - 559.785, *et. seq.*)

31. Ms. Singleton realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above as if set forth hereat in full.

32. At all times material hereto, the monies purportedly owed under the federal student loan constituted a "debt" or "consumer debt" as defined under Florida Statute §559.55(1).

33. At all times material hereto, the Class Representative was a "debtor" or "consumer debtor" as defined under Florida Statute §559.55(2).

34. As more particularly described above, Defendant has violated the Florida Consumer Collection Practices Act in that it has asserted the existence of a legal right when it knew that the right did not exist in contravention of Florida Statute §559.72(9), to wit: the right to collect a student loan debt in a manner contrary to federal law as described above.

35. As a direct and proximate result of the violation of the FCCPA by Defendant, the Class Representative is entitled to recover actual damages together with an aggregate award of additional statutory damages not to exceed the lesser of $500,000 or 1% of the net worth of Defendant for all remaining class members pursuant to Florida Statute §559.77(2).

36. Pursuant to Florida Statute §559.77, the Court is empowered to enjoin Defendant from further violation of the Act and to direct such other and further equitable relief as may be necessary and proper.

37. The Class B Members have sustained an ascertainable loss as a result of Defendant's acts.

38. Pursuant to Florida Statute §559.72(2), the Class Representative is entitled to recover reasonable attorney's fees and costs for the filing of the instant action.

WHEREFORE, Plaintiff, Brandee Singleton, an individual, prays for relief on behalf of herself and all others similarly situated as follows:

A. For an order certifying this claim as a class action;

B. For statutory and actual damages against Defendant pursuant to 15 U.S.C. §1692k;

C. For statutory and actual damages against Defendant pursuant to Florida Statute §559.77;

D. For an order preliminarily and permanently enjoining Defendant from engaging in the practices alleged herein;

E. For pre-judgment interest to the extent permitted by law;

F. For an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action to the extent permitted by law pursuant to 15 U.S.C. §1692k and Florida Statute §§57.105(7) and 559.72(2); and

G. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Brandee Singleton, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com
Counsel for Plaintiff