UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20025–CIV-MARTINEZ/MCALILEY

BRANDEE SINGLETON, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.                                                          CLASS ACTION

GENERAL REVENUE CORPORATION,
an Ohio corporation,

        Defendant.

_____/

## FINAL APPROVAL ORDER

      Pending before the Court is Plaintiff Brandee Singleton's Motion for Final Approval of Class Action Settlement Agreement [DE 66], and Plaintiff Brandee Singleton's Motion For Award of Attorneys' Fees and Costs and Approval of Class Representative Incentive Award. [DE 68]. Plaintiff, individually and on behalf of a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), moves for final approval of the Class Action Settlement Agreement (the "Agreement"), dated October 19, 2012 [DE 52-1], and for attorneys' fees and an incentive award for Plaintiff Singleton. Based on the record of this action, the Court finds that:

      A.    The total number of Class Members is approximately 152,563. [DE 87-1, ¶ 7].

      B.    Notice was sent by first class mail to 152,563 persons at their last known

mailing address using Accessible Contact Information, as defined in the Settlement Agreement. [DE 52-1, ¶ IV(1)(a); 87-1, ¶ 7].

C. The United States Postal Service returned 21,858 Notices to the settlement administrator, Rust Consulting, Inc. ("Settlement Administrator"), as undeliverable. The Settlement Administrator forwarded 10,838 returned Notices to forwarding addresses provided by the United States Postal Service. [DE 87-1, ¶ 8].

D. Three Class Members have pending objections to the Settlement. [DE 61, 62, 77, 78, 79, 80, 81, 91].

E. From a total of approximately 152,563 Class members, 23 members chose to opt-out of the Settlement. The identity of such Class Members is set forth in Exhibit "A" to the Supplemental Report of Class Counsel. [DE 89].

F. A total of 12,517 Class Members timely returned a claim form for a *pro rata* cash payment from the Net Settlement Fund. [DE 87-1, ¶ 9]. The "Net Settlement Fund" is the $650,000.00 Settlement Fund, less attorney's fees and litigation expenses, and Plaintiff's incentive award, as set forth below. Each Class Member will receive a pro rata share of the Net Settlement Fund, in the amount of $38.54.

The Court has considered the record, including the objections and the presentation of counsel during the hearing. For the reasons stated at the hearing, which are incorporated in this Order, the Court ORDERS that:

Plaintiff Brandee Singleton's Motion for Final Approval of Class Action Settlement Agreement [DE 66], and Plaintiff Brandee Singleton's Motion For Award of Attorneys' Fees

and Costs and Approval of Class Representative Incentive Award [DE 68], are **GRANTED** as set forth below.

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement. [DE 52-1].

2. <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement. For the reasons stated at the hearing, the objections are overruled. The Parties shall implement the Settlement, as follows:

   A.  The Parties are directed to implement the settlement in accordance with its terms.

   B.  Payment of the Net Settlement Fund is to be made on a *pro rata* basis to all Class Members who timely returned claim forms. Any monies unclaimed 90 days after checks have been sent must be paid over as a *cy pres* award to Reading is Fundamental.

   C.  Except as to any individual claim of those persons who have timely and

effectively requested exclusion from the Settlement Class under the Agreement, the Court hereby dismisses with prejudice this action, all claims contained therein, and all Released Claims against Released Parties.

D. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

E. Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined in the Settlement Agreement.

F. The Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Released Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's attempts to collect debts from the Class Representative or Class Members starting one year prior to filing the Complaint in this action through the date of this Court's preliminary approval of the settlement of this matter, to-wit: from January 4, 2011 through January 14, 2013.

G. Nothing herein shall alter, amend, or terminate the right of Defendant

and its clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendant and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant and its clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendant and its clients.

H.  Injunction. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

I.  Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that this action be dismissed and that the claims against Defendant be released, on the terms set

forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

J.  <u>Class Representative Award</u>.  Payment of $5,000 ("Class Representative Award") shall be made to Brandee Singleton for her service as Class Representative. *Pinto v. Princess Cruise Lines, Ltd.*, 513 F.Supp.2d 1334, 1344 (S.D. Fla. 2007) ("Court have found it appropriate to specially reward named class plaintiffs for the benefits they have conferred.").

K.  <u>Litigation Expense</u>.  After reviewing Class Counsel's motion for attorney's fees [DE 68], and the record in this action, the Court awards to Class Counsel attorney's fees and litigation expenses ("Attorney's Fees Award") in the total amount of $162,500 to be paid from the Settlement Fund. *Pinto*, 513 F.Supp.2d at 1338-39 ("Lawyers who recover a 'common fund' are entitled to reasonable attorneys' fees from the fund they created;" finding that 25% is a bench mark percentage fee award).

4.  <u>Timing of Payments or Consideration</u>.  No later than 14 days after the Final Approval Date, settlement checks shall be distributed to all class members who have timely returned a claim form and Defendant shall pay $5,000 to Brandee Singleton as a Class Representative Award and $162,500 to Class Counsel for the Attorney's Fees Award.

5.  <u>Dismissal</u>.  Pursuant to section XI of the Agreement, this action is

**DISMISSED WITH PREJUDICE** and this case is **CLOSED**.

      6.    <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

DONE and ORDERED in chambers in Miami, Florida this 14th day of May, 2013.

_____
CHRIS M. McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies furnished counsel